IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ROBERT MILLS THOMAS, JR.,

  Petitioner,

v.                                           CIVIL ACTION NO.: CV213-028

SUZANNE R. HASTINGS,

  Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Robert Thomas ("Thomas"), an inmate currently incarcerated at the Federal Satellite Low in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss. For the following reasons, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE FACTS

Thomas was convicted, after pleading guilty, in the Northern District of Georgia of using interstate means to attempt to entice and engage in sexual activity with a minor, in violation of 21 U.S.C. § 2422(b) and 18 U.S.C. §§ 2241(c) and 2423(b). The district court sentenced Thomas to 144 months' imprisonment. Thomas filed a direct appeal, and the Eleventh Circuit Court of Appeals affirmed Thomas' conviction and sentence. United States v. Thomas, 255 F. App'x 422 (11th Cir. 2007).

AO 72A
(Rev. 8/82)

Thomas then filed an "Affidavit of Lack of Attorney-Client Relationship" in his criminal case. In this affidavit, Thomas asserted that he never had an attorney-client relationship with his defense attorney, he was not informed of the plea options available to him, his attorney had a conflict of interests, and there was exculpatory evidence which showed that he was actually innocent of the charges. The Government did not file any response to this affidavit. (Doc. No. 7, pp. 2-3).

In this petition, Thomas contends that the "facts" alleged in his affidavit are undisputable because the Government did not respond to his affidavit. Thomas also contends that there was a lack of: jurisdiction; attorney-client relationship; a valid conviction and sentence; due process; and access to the courts. (Doc. No. 1, p. 1). Thomas asserts that he discovered "new evidence" in January 2013 which revealed that he did not have an attorney-client relationship with his counsel, that counsel failed to disclose several available plea options, and that his counsel helped hide exculpatory evidence. Thomas avers that he is actually innocent of the offenses for which he was convicted. Respondent asserts that Thomas does not meet the requirements of 28 U.S.C. § 2255's savings clause, and, accordingly, his petition should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate

or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Thomas' action is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Thomas did not file a 28 U.S.C. § 2255, nor does he assert how the remedy afforded by this section is inadequate or ineffective to challenge the legality of his detention. To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Thomas has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Thomas has not satisfied the

3

requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Thomas cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Thomas is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Thomas' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 20th day of May, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE